ACCEPTED
01-14-00319-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/16/2015 1:47:49 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-00319-CV

### IN THE COURT OF APPEALS
### FOR THE
### FIRST DISTRICT OF TEXAS
### AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

3/16/2015 1:47:49 PM

CHRISTOPHER A. PRINE
Clerk

_____

## BEVERLY SCOTT, ET AL

*Appellants*

*v.*

## ROBIN LYNN ARMSTRONG, M.D., CURTIS J. BICKERS AND VUJASINOVIC & BECKCOM PLLC,

*Appellees*

_____

On Appeal from the 234th Judicial District Court
Harris County, Texas
Trial Court Cause No. 2012-33615

_____

## APPELLEE, ROBIN LYNN ARMSTRONG, M.D.'S, RESPONSE TO APPELLANTS' AMENDED BRIEF

_____

**SMITH ADAMS LAW FEEHAN LLP**
**Richard M. Law**
State Bar No. 12004500
Richard@SmithAdamsLaw.com
**Rainy DeMoss Gibbs**
State Bar No. 24028292
Rainy@SmithAdamsLaw.com
1415 Louisiana Street, Suite 3800
Houston, Texas 77002-7360
Telephone: (713) 652-3200
Facsimile: (713) 652-6000
**ATTORNEYS FOR APPELLEE**
**ROBIN ARMSTRONG, M.D.**

# IDENTITIES OF PARTIES AND COUNSEL

PRO SE APPELLANTS:

**Beverly Scott, Clara Scott, Sharon Scott, James Scott, Sammie Scott, Derrick Scott, Alfred Scott, Sandra Scott, Gwendolyn Carpenter, Emma Bell, Carolyn Scott, Michael Scott, Doris Scott, Individually and as Next Friend of Eula Mae Scott, Deceased**

c/o Gwendolyn Carpenter
3271 South Shaver #10102
Pasadena, Texas 77504

APPELLEES:

**Robin Armstrong, M.D.**
**Counsel for Appellee, Robin Armstrong, M.D.:**

Richard M. Law
Rainy DeMoss Gibbs
SMITH ADAMS LAW FEEHAN LLP
1415 Louisiana, Suite 3800
Houston, Texas 77002
(713) 652-3200
(713) 652-6000 (Fax)

**Curtis J. Bickers and Vujasinovic & Beckcom PLLC**
**Counsel for Appellee Curtis J. Bickers and Vujasinovic & Beckcom PLLC:**

Brian Beckom
Curtis J. Bickers
VUJASINOVIC & BECKOM, PLLC
1001 Texas Avenue, Suite 1020
Houston, Texas 77002
(713) 224-7800
(713) 224-7801 (Fax)

TRIAL JUDGE:

**Honorable Wesley Ward**
234th Judicial District Court
201 Caroline, 13h Floor
Houston, Texas 77002

# TABLE OF CONTENTS

**IDENTITIES OF PARTIES AND COUNSEL** ................................................. **ii**

**REFERENCES TO THE PARTIES** .................................................. **iv**

**REFERENCES TO THE RECORD** ................................................. **iv**

**INDEX OF AUTHORITIES** ..................................................................**v**

**RESPONSE TO ISSUES PRESENTED FOR REVIEW** .............................. **vi**

**I.  STATEMENT OF FACTS**..................................................................**1**

**II.  SUMMARY OF THE ARGUMENT**................................................**1**

**III.  ARGUMENT AND AUTHORITIES** .........................................................**2**

   A.  APPELLEES' AMENDED BRIEF FAILS TO RAISE ANY ISSUE
       WITH THE TRIAL COURT'S RULING ........................................................**2**

   B.  NO FACT ISSUE ON FRAUDULENT CONCEALMENT RAISED ........................**4**

**IV.  CONCLUSION AND PRAYER**................................................................**5**

**CERTIFICATE OF COMPLIANCE**................................................................**6**

**CERTIFICATE OF SERVICE**................................................................**7**

## REFERENCES TO THE PARTIES

| Reference | Meaning |
|---|---|
| Appellants/Plaintiffs | Beverly Scott, Michael Scott, James Scott, Emma Bell, Clara Scott, Sammie Scott, Alfred Scott, Sharon Scott, Doris Scott, Gwendolyn Carpenter, Carolyn Scott, Derrick Scott, Sandra Scott, Individually and as Next Friend of Eula Mae Scott, Deceased |
| Appellee/Defendant | Robin Lynn Armstrong, M.D. ("Armstrong") |

## REFERENCES TO THE RECORD

The record in this appeal consists of the Clerks Record and First Supplemental Clerk's Record. This Brief uses the following conventions in citing the record:

| | |
|---|---|
| Clerk's Record | "CR. (page)" |
| First Supplemental Clerk's Record | "CR.Supp. (page)" |

# INDEX OF AUTHORITIES

**CASES**

*Coll. of the Mainland v. Meneke***,**
    420 S.W.3d 865 (Tex.App.—Houston [14th Dist.] 2014, no pet h.) ..........**3**

*In re J.R.H.***,**
    No. 11-09-00321-CV, 2010 Tex. App. LEXIS 9662,
    2010 WL 5093772 (Tex. App.—Eastland Dec. 2, 2010, no pet.) ............**3**

*Jurek v. Herauf***,**
    No. 14–07–00727–CV, 2009 WL 179204
    (Tex.App.─Houston [14th Dist.] Jan. 27, 2009, no pet.) ........................**3**

*In re J.R.H.***,**
    No. 11-09-00321-CV, 2010 WL 5093772
    (Tex. App.—Eastland Dec. 2, 2010, no pet.) (mem. op.) .................... **3, 4**

*In re L.M.**,*
    No. 01-11-00137-CV, 2012 WL 2923132
    (Tex.App.─Houston [1st Dist.] July 12, 2012, pet. denied) .....................**3**

*Shah v. Moss***,**
    67 S.W.3d 836 (Tex. 2001) .....................................................................**4**

*Whittaker v. Manpower***,**
    No. 14-09-00508-CV, 2009 WL 4667391
    (Tex. App. Dec. 10, 2009) .......................................................................**3**

**CODES/STATUTES**

Tex. Code Crim. Proc. Ann. Art 49.04(a).......................................................**4**
Tex. Code Crim. Proc. Ann. Art 49.06. ..........................................................**4**

**RULES**

Tex. R. App. P. Rule 38.1(d) ...........................................................................**3**
Tex. R. App. P. Rule 38.1(f) ............................................................................ **2**
Tex. R. App. P. Rule 38.1(g) ...........................................................................**3**
Tex. R. App. P. Rule 38.1(h) ...........................................................................**3**
Tex. R. App. P. Rule 38.1(i) .............................................................................**3**

## **RESPONSE TO ISSUES PRESENTED FOR REVIEW**

Appellants' Amended Brief failed to raise a fact issue as to the affirmative defense of statute of limitations. Accordingly, the trial court properly granted summary judgment and the ruling should be affirmed.

TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:

Appellee, Robin Armstrong, M.D. (hereinafter "Armstrong"), submits this Response to Appellants' Amended Brief, in accordance with Rules 28 and 38.6(c) of the Texas Rules of Appellate Procedure and all local rules of this Court, and asks this Court to affirm the trial court's granting of Armstrong's Motion for Interlocutory Summary Judgment, and dismissing all of Appellants' claims with prejudice.

Appellee, Armstrong, incorporates herein to this Response, the Brief of Appellee, Robin Armstrong, M.D., and the appellate briefs and response/reply briefs of the other defendants/appellees in this case. Appellee Armstrong submits this Response with respect to the allegations of fraudulent concealment and "drug overdose injury" addressed in Appellants' Amended Brief. [Br. at 4]  In support hereof, Appellee respectfully urges as follows:

## I.    STATEMENT OF THE FACTS

Armstrong incorporates herein his Summary of the Facts from his Brief.

## II.    SUMMARY OF THE ARGUMENT

Armstrong further incorporates herein his Summary of the Argument from his Brief.

Plaintiffs have filed a notice of appeal, an appellate brief and now an amended appellate brief in this Court; all acts that would suggest an appellate issue

1

was taken with the lower court's decision. However, none of these filings describes any error committed by the court below. Because Appellants' Amended Brief makes no argument to avoid the statute of limitations, they waived their sole argument on appeal.

Even if this Court considers the statute of limitations issue, the trial court was correct in granting summary judgment. Eula Mae Scott passed away on January 15, 2009. (CR.Supp. 3) Plaintiffs brought suit against Armstrong on November 28, 2012—almost two years too late. (CR.Supp. 3) Plaintiffs failed to meet their burden to raise a fact issue in response to the conclusively established affirmative defense of statute of limitations.

## III. ARGUMENT AND AUTHORITIES

### A. APPELLEES' AMENDED BRIEF FAILS TO RAISE ANY ISSUE WITH THE TRIAL COURT'S RULING

Texas Rule of Appellate Procedure requires that an appellant's brief contain certain essential parts, including a statement of the issues presented,[1] a statement of

---

[1] Tex. R. App. P. Rule 38.1(f) "*Issues Presented.* The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."

the case,[2] and a summary of the argument.[3] Appellants' Amended Brief lacks these components. Their amended brief contains no discernable statement of facts[4] and no argument section with a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i).[5] The Court is not required to review issues or arguments not properly presented.[6] In appropriate circumstances, the failure to properly brief a matter constitutes a waiver on appeal.[7] Appellee contends that this is such a case.

---

[2] Tex. R. App. P. Rule 38.1(d) *"Statement of the Case.* The brief must state concisely the nature of the case (e.g., whether it is a suit for damages, on a note, or involving a murder prosecution), the course of proceedings, and the trial court's disposition of the case. The statement should be supported by record references, should seldom exceed one-half page, and should not discuss the facts."

[3] Tex. R. App. P. Rule 38.1(h) "*Summary of the Argument.* The brief must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. This summary must not merely repeat the issues or points presented for review."

[4] Tex. R. App. P. Rule 38.1(g) "*Statement of Facts*. The brief must state concisely and without argument the facts pertinent to the issues or points presented. In a civil case, the court will accept as true the facts stated unless another party contradicts them. The statement must be supported by record references."

[5] Tex. R. App. P. Rule 38.1(i) *"Argument.* The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."

[6] *Coll. of the Mainland v. Meneke*, 420 S.W.3d 865, 871 (Tex.App.—Houston [14ᵗʰ Dist.] 2014, no pet h.) (refusing to review issues where an authority was cited generally, but not briefed with sufficient specificity); *Whittaker v. Manpower*, No. 14-09-00508-CV, 2009 WL 4667391, at *1 (Tex. App. Dec. 10, 2009) (after first issuing an admonishing order, dismissed for failure to provide a brief in compliance with the rules of appellate procedure); *Jurek v. Herauf,* No. 14–07–00727–CV, 2009 WL 179204, at *4 (Tex.App.─Houston [14th Dist.] Jan. 27, 2009, no pet.) (Overruling issues where appellant did not provide any citations to the record or to relevant authority in support of the issue).

[7] *In re L.M.*, No. 01-11-00137-CV, 2012 WL 2923132 at *12 (Tex.App.─Houston [1st Dist.] July 12, 2012, pet. denied) ("Appellants do not include any substantive analysis or discussion of the record in support of their contentions. See TEX. R. APP. P. 38.1(i) (requiring an appellant's brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record). We conclude that Appellants have failed to properly brief their ineffective assistance of counsel claim; thus, it is waived."); See *In re J.R.H.*, No. 11-09-00321-CV, 2010 WL 5093772, at *3 (Tex. App.—Eastland Dec. 2, 2010, no pet.) (mem. op.) (holding in

3

## B.  NO FACT ISSUE ON FRAUDULENT CONCEALMENT RAISED

Plaintiffs' mere recital of the words "fraudulent concealment" and most recently the term "drug overdose injury," does not raise a fact issue sufficient to avoid summary judgment. The evidence and record in this case establish that Plaintiffs have yet to produce any competent summary judgment evidence or proof that Armstrong actually knew of a wrong that occurred, had a duty to disclose any wrong, had a fixed purpose to conceal any such wrong, or did conceal a wrong from Plaintiffs such that Plaintiffs did not have a reasonable opportunity to discover the alleged wrong before the statute of limitations expired. *Shah v. Moss,* 67 S.W.3d 836, 841 (Tex. 2001).

Even if the Court looks past Plaintiffs' briefing deficiencies, none of the authorities cited by Plaintiffs would compel this Court to reverse the trial court's ruling. Articles 49.04 and 49.06, Section 8 of the Texas Code of Criminal Procedure[8][9] are not relevant to any health care that the Robin Armstrong, M.D. provided to the decedent. The reference relates to the duties of a justice of the peace

---

termination of parental rights case, that issue waived because brief lacked adequate analysis and discussion of issue)).

[8] Texas Code of Criminal Procedure, Title 1, Art. 49.06 - Hindering an Inquest: "(a) A person commits an offense if the person intentionally or knowingly hinders the entrance of a justice of the peace to a premises where a death occurred or a body is found; and, (b) An offense under this article is a Class B misdemeanor." Tex. Code Crim. Proc. Ann. Art 49.06.

[9] Texas Code of Criminal Procedure, Art. 49.04, section 8 - Deaths Requiring and Inquest: "a) A justice of the peace shall conduct an inquest into the death of a person who dies in the county served by the justice if:…(8) the person is a child younger than six years of age and an inquest is required by Chapter 264, Family Code." Tex. Code Crim. Proc. Ann. Art 49.04(a).

in the course of a (criminal) death investigation. This cite does not have any legal import on the appeal, and does not address the elements of a fraudulent concealment claim, nor does it provide a basis for suggesting the trial court erred in any way.

Appellants have failed to explain how the authorities connect to their contentions against Armstrong. Additionally, Appellants has failed to support any factual contentions with support from the record. The Court should deem any issues against Appellee Armstrong as waived.

## IV.    CONCLUSION AND PRAYER

The summary judgment in favor of Armstrong should be affirmed. Plaintiffs waived their argument on appeal by inadequate briefing. In addition, the trial court's judgment should be affirmed because Plaintiffs filed suit outside of the limitations period and have not demonstrated any exception to the statute of limitations.

WHEREFORE, PREMISES CONSIDERED, Appellee, Robin Armstrong, M.D., respectfully prays that this Honorable Court affirm the trial court's April 8, 2014, order granting Armstrong's summary judgment, and dismissal with prejudice, and for any further relief to which Appellee may show himself justly entitled.

*[signature on next page]*

Respectfully submitted,

**SMITH ADAMS LAW FEEHAN LLP**

By: ***/s/ Richard M. Law***_____
    **Richard M. Law**
    State Bar No. 12004500
    Richard@SmithAdamsLaw.com
    **Rainy DeMoss Gibbs**
    State Bar No. 24028292
    Rainy@SmithAdamsLaw.com
    1415 Louisiana Street, Suite 3800
    Houston, Texas  77002-7360
    Telephone:  (713) 652-3200
    Facsimile:   (713) 652-6000
**ATTORNEYS FOR APPELLEE,**
**ROBIN ARMSTRONG, M.D.**

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned counsel – in reliance upon the word count of the computer program used to prepare this document – certifies that this Brief contains 790 words, excluding the words that need not be counted under Texas Rule of Appellate Procedure 9.4(i)(l).

        ***/s/ Richard M. Law***_____
        Richard M. Law

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief of Appellee has been served upon each party or their duly authorized agent or attorney of record as set out below on this the 16th day of March, 2015.

*/s/ Richard M. Law*
Richard M. Law


Gwendolyn Carpenter
3271 South Shaver #10102
Pasadena, Texas 77504
***Regular and Certified Mail/RRR***
**(Article Number: 7012 2210 0001 1362 0891)**

Beverly Scott
406 Dents Road #86
Dickinson, TX 77539
***Regular and Certified Mail/RRR***
**(Article Number: 7012 2210 0001 1362 0884)**

Brian Beckom
Email: brian@vbattorneys.com
Curtis J. Bickers
Email: Curtis@vbattorneys.com
VUJASINOVIC & BECKOM, PLLC
1001 Texas Avenue, Suite 1020
Houston, Texas 77002
***E-Service***

Honorable Wesley Ward
234th Judicial District Court
201 Caroline, 13th Floor
Houston, Texas 77002
***E-Service***